FILED
2017 MAR -1 AM 11: 45
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAULA CALDWELL, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NASON HOMES, LLC, and STUART BEATTIE and JESSICA BEATTIE,<br><br>Defendants. | Civil No.: 3-17 0401<br><br>COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Paula Caldwell ("Plaintiff"), by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against Nason Homes, LLC, and Stuart Beattie and Jessica Beattie, individually (the corporate and individual defendants are hereinafter referred to collectively as "Defendants") for legal relief to redress unlawful violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§201, et seq., and specifically the

1

collective action provision of the Act found at §216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived the Plaintiff, as well as others similarly situated to Plaintiff, of their lawful wages. The suit is brought on behalf of Plaintiff and all others similarly situated pursuant to §216(b) of the FLSA. Plaintiff also brings an individual action for damages as a result of Defendants' illegal firing of Plaintiff in violation of the Federal Consumer Credit Protection Act of 1968, 15 U.S.C.A. §1674(a).

2. Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wages and/or overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of [herself] and other employees similarly situated." 29 U.S.C. §216(b).

3. This action is brought to recover unpaid hourly and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiff and the collective group similarly situated are or have been employed by Defendants as book keepers, clerical employees and other office workers who work or who have worked out of Defendants' office location located at 712 W Main St, Franklin, TN 37064, or at 225 Noah Dr #380, Franklin, TN 37064, as well as non-office personnel who worked in the field such as laborers.

4. During the three year period prior to the filing of this Complaint, Defendants committed violations of the FLSA by requiring and/or suffering or permitting their employees, including Plaintiff, to work overtime hours for which they received only "straight-time" pay, instead of overtime pay at the rate of time and one-half their regular rates of pay as required by law.

Additionally, Defendant failed to pay Plaintiff, and those similarly situated to Plaintiff, for all hours which they worked for or on behalf of Defendants.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

## II. THE PARTIES

### A. THE PLAINTIFF

6. Plaintiff Paula Caldwell currently resides in Williamson County, Tennessee and is a citizen of the United States. Plaintiff was employed by Defendants from approximately May of 2015 until March of 2016.

7. During her employment with Defendants, Plaintiff worked as an hourly paid bookkeeper whose duties involved paying accounts payable, processing warranty claims, and performing clerical work for Defendants Stuart and Jessica Beattie. While so employed, Plaintiff typically worked more than 40 hours in a workweek for which she received no overtime or even straight-time pay.

8. At all times material to this action, the Plaintiff and all similarly situated members of this collective action were "employees" of the Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within the three (3) year period preceding the filing of this lawsuit. These same individuals are further covered by §207 (overtime provision) of the FLSA for the period during which they were employed by Defendants.

## B. THE DEFENDANTS

9. Defendant Nason Homes LLC, is a limited liability company which builds and sells residential homes in Clarksville, Columbia and Murfreesboro, Tennessee, and maintains its principal place of business in Franklin, Tennessee.

10. At all times material to this action Defendant Stuart Beattie was an officer and principal/owner of Nason Homes, LLC, who exercised supervisory authority and day-to-day control over the Plaintiff and over other present and former non-exempt employees who are similarly situated to Plaintiff. Defendant Stuart Beattie used his position and authority with Nason Homes, LLC, to devise, institute, promulgate, enforce, approve and/or ratify the policy and practice of misclassifying most, if not all, of the employees hired to work at Nason Homes, LLC as "independent contractors" so that he could avoid paying them their lawful overtime pay.

11. At all times material to this action Defendant Jessica Beattie, the wife of Stuart Beattie, served as the controller and office manager of Nason Homes, LLC, but acted as *de facto* owner who exercised supervisory authority and day-to-day control over the named Plaintiff and over other present and former non-exempt employees who are similarly situated to Plaintiff. Defendant Jessica Beattie used her position and authority with Nason Homes, LLC, and as the wife of Stuart Beattie, to conspire with her husband to enforce, approve and/or ratify the policy and practice of misclassifying most, if not all, of the employees hired to work at Nason Homes, LLC as "independent contractors" so that Defendants could avoid paying them the overtime pay they rightfully earned and are lawfully entitled to.

12. Defendants are subject to personal jurisdiction in the State of Tennessee for purposes

of this lawsuit.

13. At all times material to this action, Nason Homes, LLC, has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

14. At all times material to this action, Nason Homes, LLC, was an "employer" of Plaintiff, as defined by §203(d) of the FLSA, as well as the employer of all other persons similarly situated to Plaintiff.

15. At all times material to this action, Defendant Stuart Beattie was an "employer" of the Plaintiff, as defined by §203(d) of the FLSA, as well as the employer of all other persons similarly situated to the Plaintiff.

16. At all times material to this action, Defendant Jessica Beattie was an "employer" of the Plaintiff, as defined by §203(d) of the FLSA, as well as the employer of all other persons similarly situated to Plaintiff.

17. The overtime provision set forth in §207 of the FLSA applies to and governs the business operations of Nason Homes, LLC, and to Defendants Stuart and Jessica Beattie.

### III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. §216(b) (FLSA).

19. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c).

### IV. VIOLATIONS OF THE FLSA

20. Defendants have intentionally and repeatedly engaged in a practice of improperly and

unlawfully misclassifying their employees as independent contractors, including the Plaintiff and the collective group of similarly situated employees who worked as book keepers, clerical employees and other office workers, as well as non-office personnel such as laborers who worked in the field, as part of a scheme to deprive them of their lawful overtime pay in violation of the provisions of the FLSA and corresponding federal regulations.

21. Defendants have intentionally and repeatedly engaged in the practice of underreporting and/or failing to capture and compensate all the hours worked by their employees, thereby underpaying them in violation of the provisions of the FLSA.

22. Defendants failed to accurately record and compensate all hours worked by their employees.

23. Defendants also violated their duties as defined by the applicable federal regulations, by unlawfully accepting the benefits of their employees' work efforts and refusing to accord them proper and lawful compensation.

24. In particular, Defendants requested and/or "suffered or permitted" the named Plaintiff and all other similarly situated employees to work without proper compensation in violation of the FLSA and clear regulatory provisions and guidelines applicable to their operations. For instance, 29 C.F.R. §785.11 provides in pertinent part that "[w]ork not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. . . . The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time." Moreover, 29 C.F.R. §785.13, titled "Duty of Management," provides in pertinent part that "[i]n all such cases it is the duty of the management to exercise its

control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them." These regulations applied to, and continue to apply to, Defendants.

### V. SCOPE OF DEFENDANTS' LIABILITY

25. On information and belief, there are numerous similarly situated present and former employees of Defendants who have been employed as book keepers, clerical employees and other office workers, as well as non-office personnel, who worked out of Defendants' office locations located at 712 W Main St, Franklin, TN 37064, or at 225 Noah Dr #380, Franklin, TN 37064, who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-Supervised Notice of the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all current and former non-exempt employees who were misclassified as independent contractors by Defendants during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of Court-Supervised Notice, have been subjected to the violations of the FLSA as noted above.

26. Plaintiff Caldwell was employed as an office worker for Nason Homes, LLC who worked at Nason Homes' office location in Franklin, Tennessee. At Nason Homes, Defendants Jessica and Stuart Beattie exercised control over the terms and conditions of Plaintiff's employment as well as that of all other employees, including but not limited to setting her schedule, establishing her hourly rate of pay, determining her raises, and directing her work activities on a day-to-day basis. As such, the Defendants are joint employers of Plaintiff, as well as joint employers of all other

persons employed by Nason Homes, LLC, and are thus jointly and severally liable for any violations of the FLSA suffered by the Plaintiff and similarly situated employees.

27. At all times material to this action, Defendants Jessica and Stuart Beattie exercised operational control over the business activities and operations of Nason Homes, LLC, including exercising control over the activities of all employees misclassified as independent contractors by Defendants during the three years preceding the filing date of this Complaint.

28. In particular, Defendants Jessica and Stuart Beattie directed and controlled the work of the Plaintiff and all similarly situated employees, and oversaw and controlled the payroll, wages, work assignments and schedules of the Plaintiff and all similarly situated employees who worked for Nason Homes, LLC.

29. Accordingly, Defendants Jessica and Stuart Beattie acted "directly or indirectly in the interest of an employer in relation to" the Plaintiff and similarly situated employees within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid wages, liquidated damages, costs and attorneys' fees, and all other relief sought herein.

## VI. COUNT I: FLSA VIOLATIONS

30. All previous paragraphs are incorporated as though fully set forth herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

31. Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to record and compensate all hours worked by Plaintiff and other present and former, similarly situated employees in accordance with and as

required by §207 of the FLSA.

32. Defendants knew, or should have known that Plaintiff, and those similarly situated to Plaintiff, were working a substantial number of hours of overtime per week for which they were not receiving pay at the rate of time and one-half their regular rates of pay as required by law.

33. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with §207 of the FLSA.

34. Defendants have made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiff or other similarly situated employees.

35. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

36. Plaintiff's and other similarly situated employees were paid on an hourly basis.

37. When Plaintiff and other similarly situated employees worked more than 40 hours in a given workweek, Defendants paid them for only 40 hours based on their misclassification as "independent contractors;" however, when they missed a work for a doctor's appointment, for personal reasons, or were sent home due to inclement weather, Defendants docked their hours, and thus their pay, for the partial day absences.

38. During her employment with Defendants, Plaintiff routinely worked between 45 and 50 hours in a workweek, and sometimes more than 50 hours in a workweek, but received no

overtime pay from Defendants for working these overtime hours.

39. Contemporaneously with the filing of this Complaint, Plaintiff has filed her Consent to Become Party Plaintiff which is attached hereto as <u>Exhibit A</u>.

40. Other similarly situated employees likewise received no overtime pay for working more than 40 hours in a workweek, and are interested in joining this action to recover their lawful pay.

41. For example, Barbara Thau and Billie Smith were hourly-paid office workers who worked full-time in Defendants' Franklin, Tennessee, office location during the three year period preceding the filing of this Complaint who worked more than 40 hours in numerous workweeks but who received no overtime pay from Defendants.

42. Contemporaneously with the filing of this Complaint, Billie Smith has filed her Consent to Become Party Plaintiff which is attached hereto as <u>Exhibit B</u>.

43. Contemporaneously with the filing of this Complaint, Barbara Thau has filed her Consent to Become Party Plaintiff which is attached hereto as <u>Exhibit C</u>.

### VII. <u>COUNT II: DISCHARGE IN VIOLATION OF FEDERAL CONSUMER CREDIT PROTECTION ACT OF 1968</u>

44. All previous paragraphs are incorporated as though fully set forth herein.

45. On or about Tuesday, March 29, 2016 while still employed by Defendants, Plaintiff's wages were garnished as a result of a debt she had incurred.

46. This garnishment was the first and only time Defendants were served with a garnishment on Plaintiff's wages.

47. On or about Wednesday, March 30, 2016, Plaintiff received a phone call from attorney Howell O'Rear, who identified himself as Nason Homes, LLC's legal counsel.

48. During his phone call, Mr. O'Rear told the Plaintiff that he "recommended" that she pay the debt in full. When Plaintiff responded that she didn't have that kind of money sitting around, Mr. O'Rear stated "I recommend that you borrow the money and take care of it tomorrow." Plaintiff then informed Mr. O'Rear that her husband worked as an EMT and her husband did not have that kind of money either.

49. Mr. O'Rear called Plaintiff at the request of Defendant Stuart Beattie.

50. Mr. O'Rear's "recommendation" that Plaintiff pay the debt in full was communicated to Plaintiff at the request of Defendant Stuart Beattie.

51. Following his phone call to Plaintiff, Mr. O'Rear called Defendant Stuart Beattie and informed him that Plaintiff could not pay the debt in full as requested.

52. On March 31, 2016, the day after Mr. O'Rear called her, Defendant Stuart Beattie fired Plaintiff.

53. After he fired the Plaintiff, Defendant Stuart Beattie sent a note to the Williamson County Clerk dated March 31, 2016, which stated "As of 3-31-16 Paula Caldwell no longers [sic] works for Nason Homes LLC." A true and accurate copy of this note is attached hereto as <u>Exhibit D</u>.

54. Prior to her firing on March 31, 2016, Plaintiff had received no discipline in the form of written warnings or otherwise, and had received no warnings from Defendants that she might be discharged.

55. The only performance evaluation Plaintiff received while working for Defendants was a good performance rating. On her written performance evaluation, Defendant Stuart Beattie remarked "I am glad to have you on the Nason Team;" Defendant Jessica Beattie remarked "It is refreshing to have someone work as hard as I do to get a job done. You have made the billing side run very smooth." A true and accurate copy of Defendant's evaluation of Plaintiff's job performance is attached hereto as Exhibit E.

56. During her employment with Defendants, the Defendants gave Plaintiff a performance increase in her hourly rate from approximately $24.04 an hour to $26.44 an hour, which equated to approximately $5,000 annually.

57. The garnishment of Plaintiff's wages was the precipitating cause, and a motivating factor, behind Defendants' discharge of the Plaintiff.

58. As a direct consequence of Defendants' illegal firing of Plaintiff in violation of the Federal Consumer Credit Protection Act of 1968, 15 U.S.C.A. §1674(a) ("FCCPA"), Plaintiff has suffered lost wages, and will continue to lose wages in the future.

59. Defendants' illegal firing of Plaintiff was in willful violation of the FCCPA, malicious and in bad faith, entitling Plaintiff to an award of attorneys' fees.

## VIII. PRAYER FOR RELIEF

60. WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA and §1674(a) of the FCCPA, prays for the following relief:

    A.    That, at the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such Notice, to all persons who have worked for Defendants at any time

during the three years immediately preceding the filing of this suit (up through and including the date of this Court's issuance of court-supervised notice), who were paid on an hourly basis, and who were classified as an independent contractor including, but not limited to, book keepers, clerical employees and other office workers, as well as non-office personnel. Such notice should inform them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they attended or participated in pre-shift or post-shift meetings during the liability period for which they were not paid, pursuant to 29 U.S.C. §216(b).

B. That all persons who opt-in to this suit be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C. That all persons who opt-in to this suit be awarded damages in the amount of their reasonable attorneys' fees;

D. That all persons who opt-in to this suit be awarded damages in the amount of the costs and expenses of prosecuting this action; and

E. That all persons who opt-in to this suit be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which they may be entitled;

F. That Plaintiff be awarded front pay, back pay, and punitive damages for defendants willful and malicious violation of the FCCPA;

G. Such other legal and equitable relief including, but not limited to, any

injunctive and/or declaratory relief to which they may be entitled.

H. Plaintiffs further demand a jury to try the issues when joined.

JAMES BEWLEY LAW PLLC

By: /s/ Jenni Bryant
Jimmy Bewley, #026788
Jenni Bryant, #034148
300 10th Ave South
Nashville, Tennessee 37203
Tel: 615-988-9411
jbewley@JBLfirm.com
jbryant@JBLfirm.com

DICKINSON WRIGHT PLLC

/s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
Joshua Burgener, TN Bar #29077
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392
Tel.:   615.244.6538
pklett@dickinsonwright.com
jburgener@dickinsonwright.com