# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

PAULA CALDWELL,  )
on behalf of herself and all others  )
similarly situated,  )
           )
      Plaintiffs,  )
           )
v.  )
           )
           )
           )      Case No.  3:17-CV-00401
           )
NASON HOMES, LLC, and  )      COLLECTIVE ACTION
STUART BEATTIE and  )
JESSICA BEATTIE,  )      JUDGE  TRAUGER
           )
      Defendants.  )
           )
           )

## INITIAL CASE MANAGEMENT ORDER

A.      **JURISDICTION**:  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, 29 U.S.C. §201 *et. seq.,* 29 U.S.C. §216(b) (Fair Labor Standards Act) and 15 U.S.C. §1674(a) (Federal Consumer Credit Protection Act). Jurisdiction is not disputed.

B.      **BRIEF THEORIES OF THE PARTIES**:

     *For Plaintiffs:*  Plaintiff, Paula Caldwell worked as an hourly paid bookkeeper for the Defendants in their Franklin, Tennessee office.  Ms. Caldwell's duties included paying accounts payable, processing warranty claims, and performing clerical work.  While so employed, Plaintiff typically worked more than forty (40) hours in a workweek.  The Defendants exercised significant control over the terms and conditions of Plaintiff's employment, including but not limited to setting her schedule, establishing her hourly rate of pay, directing her work

activities on a day to day basis and exercised supervisory responsibility over her work.  Thus, Plaintiff alleges that she was an employee of the Defendants.

Defendants, however, deemed Plaintiff to be an "independent contractor" in an attempt to avoid their responsibility for payment of overtime, minimum wage and lawful benefits.  As a result, among other things, Plaintiff was denied her lawful overtime.

Plaintiff alleges there were other similarly situated employees who worked for the Defendants' [offices] and were likewise uniformly deemed "independent contractors" by the Defendants and denied their lawful wages, overtime and benefits.

Plaintiff, on behalf of herself and those similarly situated, have filed this action seeking those wages, overtime and other benefits withheld by Defendants as a result of their improper classification of those employees as "independent contractors".

In addition, Ms. Caldwell has filed an individual action arising under the Federal Consumer Credit Protection Act (FCCPA).  In that regard, Ms. Caldwell alleges that while employed by Defendants her wages were garnished as a result of a debt she had incurred.  On March 30, 2016, Plaintiff was contacted by the Defendants' attorney and told to pay off the debt by the following day.  Plaintiff advised the attorney that she could not afford to pay the debt in full.  On March 31, 2016, the Defendants fired Ms. Caldwell.  Defendants also sent a note to the Williamson County Clerk stating that they did not have to respond to the garnishment since the Plaintiff no longer worked there.  Prior to that time, Ms. Caldwell had received no discipline, warnings or any indication she was not properly performing her job.  In fact, she had just been given a raise and told she was doing a good job and that the Defendants were "glad to have you on the Nason team".  Thus, Defendants' firing of the Plaintiff violated the FCCPA.  As a result, Plaintiff has suffered lost wages and will continue to lose wages in the future.

*For Defendants*:  The individual Defendants are not personally liable for any alleged violations of the FLSA.  At all times relevant to this matter, individuals working for Defendant Nason Homes, LLC have been paid in full compliance with the FLSA, and they have been paid for all time that they worked.  Plaintiff and any potential opt-in plaintiffs did not work overtime in excess of forty hours per week.  Additionally, Plaintiff and any potential opt-in plaintiffs are not similarly situated to each other with respect to the allegations in Plaintiff's Complaint, and therefore Plaintiff is not a proper class representative, and conditional certification is inappropriate.  Further, Plaintiff and any potential opt-in plaintiffs are not entitled to liquidated damages on the claims in Plaintiff's Complaint because Defendants took all relevant actions in good faith and had reasonable grounds for believing that their acts or omissions were not a violation of the Fair Labor Standards Act.

C.    **ISSUES RESOLVED**:  Jurisdiction and venue.

D.    **ISSUES STILL IN DISPUTE**: Liability and damages.

E.    **INITIAL DISCLOSURES**:  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 29, 2017**.

F.    **CASE RESOLUTION PLAN AND JOINT ADR REPORTS**:  If Court supervised notice is issued, pursuant to agreement of the parties or by Court Order following a Motion for Conditional Certification, within ten (10) days after the close of the opt-in period, the Defendants will provide dates of employment, any records available regarding actual hours worked, actual hours paid and salary information for all opt-in Plaintiffs sufficient to allow Plaintiffs to prepare an appropriate damages model.  In addition, the parties shall schedule mediation within thirty (30) days of the close of the opt-in period.  A joint status report confirming the parties' attempt at case resolution shall be filed within fifteen (15) days of the

3

scheduled mediation.  In the event the case is not settled during the parties' first attempt at case resolution, the parties will conduct further specific and directed settlement discussions within fifteen (15) days following the close of discovery period provided for below.  A second joint status report confirming the parties' second attempt at case resolution shall be filed within thirty (30) days following the close of discovery.

        G.      **DISCOVERY**:  The parties shall complete all written discovery and depose all fact witnesses on or before **June 30, 2018**.  Discovery is not stayed during dispositive or other motions, unless ordered by the Court.  Local Rule 33.01(b) is expanded at this time to allow forty (40) interrogatories, including sub-parts. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s) and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.  All discovery-related motions, excluding *Daubert* motions, shall be filed no later than **July 15, 2018**.  Therefore, discovery in this case, including the number of depositions and interrogatories sought by each party, will vary significantly depending upon the size of the putative class, and if certification of a class is granted by the Court.  As a result, the parties request a follow-up case management conference be scheduled following the close of the opt-in period.  Within fifteen (15) days of the close of the opt-in period, the parties shall file a joint report advising the Court of the size of the opt-in class and shall advise the Court if the dates contained in the Initial Scheduling Order will still meet the needs of the case, and if not, the parties will file a proposed Amended Scheduling Order with dates that will work in light of the number of opt-in plaintiffs.

H.      **MOTIONS TO AMEND OR TO ADD PARTIES**:  Any motions to amend or to add parties shall be filed by no later than **November 15, 2017**.

I.      **MOTION FOR CONDITIONAL CERTIFICATION:** Any motion for conditional certification shall be filed by no later than **August 15, 2017.**

J.      **DISCLOSURE OF EXPERTS**:  Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **January 15, 2018**.  Defendant shall identify and disclose all expert witnesses and expert reports on or before **February 15, 2018**.  The parties shall identify and disclose any rebuttal expert witnesses and reports on or before **March 15, 2018**.

J.      **DEPOSITIONS OF EXPERT WITNESSES**:  All experts shall be deposed by no later than **April 30, 2018**.

K.      **SUBSEQUENT CASE MANAGEMENT CONFERENCE**:       A subsequent case management conference shall be held on _____, to address: status and scope of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

L.      **DISPOSITIVE MOTIONS**:  Dispositive motions shall be filed no later than **July 31, 2018**.  Responses to dispositive motions shall be filed within 28 days after the filing of the motion.  Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages, except with leave of the Court.  Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary

Case 3:17-cv-00401   Document 13   Filed 06/16/17   Page 5 of 6 PageID #: 80

judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.  In all other respects, the provisions of Local Rule 56.01 shall govern.

M. **ELECTRONIC DISCOVERY**:  The parties anticipate reaching an agreement on how to conduct electronic discovery.  Administrative Order No. 174 therefore need not apply to this case.  The parties will endeavor to reach an agreement on electronic discovery on or before **July 30, 2017**.  However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply absent a showing of good cause by one of the parties.

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**:   The jury trial of this action is expected to last approximately **5** days.  A trial date no earlier than **November 15, 2018** is respectfully requested.

It is so ORDERED.

_____
Judge Aleta A. Trauger

6